UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HIAWATHA J. COVINGTON, | ) | CASE NO. 5:08 CV 2767 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SOCIAL SECURITY ADMINISTRATION, | ) | AND ORDER |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

On November 24, 2008, plaintiff pro se Hiawatha J. Covington filed this *in forma pauperis* action against the Social Security Administration, Eric D. Garnett, First Merit Bank, Pershawana Garret, and Mrs. Lee of the Social Security Administration. The complaint asserts claims based on "conversion, collusion, theft, and breach of fiduciary obligation/duty." It alleges that monies belonging to plaintiff were stolen by the Garrets "in concert with the Social Security Administration and First Merit Bank." For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required

to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

As a threshold matter, there are no allegations set forth against the Social Security Administration or its agent, Mrs. Lee, that might reasonably be construed to set forth a valid claim for relief.  <u>See</u>, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).  Any claims against those federal defendants are therefore **dismissed.**

Further, absent the federal defendants, there are no facts set forth in the complaint suggesting a proper basis for this court's jurisdiction, as the remaining parties are all located in Ohio and no federal statute is implicated by plaintiff's claims. This action is therefore appropriately subject to dismissal for lack of jurisdiction.  *Lowe v. Hustetler*, No. 89-5996, 1990 WL 66822 (6th Cir. May 21, 1990).

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Accordingly, the application to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

>*/s/Dan Aaron Polster 1/5/09*
>DAN AARON POLSTER
>UNITED STATES DISTRICT JUDGE